UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERMAINE NATHANIEL GLYNN,<br><br>               Plaintiff,<br><br>       -against-<br><br>CITY OF NEW YORK; DEPARTMENT OF HOMELESS SERVICES; POLICE OFFICER SMITH,<br><br>              Defendants. | 26-CV-3232 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, asserts claims against the City of New York, the New York City Department of Homeless Services ("DHS"), and DHS Officer Smith. By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special

solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff Jermaine Nathaniel Glynn, who resides in Bronx County, New York, brings this action against the City of New York, DHS, and DHS Officer Smith (Badge Number 1483). Plaintiff invokes a federal criminal statute, 18 U.S.C. § 1111(b), and the Fourteenth Amendment as the bases for his claims. He does not specify when his claims arose. Plaintiff alleges the following:

> Upon investigation 3 eyewitnesses has seen the City of New York Department of Homeless Services Police Officer Smith officer number 1483 become very angry with his fellow man and he deliberately murdered his fellow man. Officer Smith officer number 1483 is guilty of murder. Officer Smith number 1483 must die.

(ECF 1 at 5.)

> Plaintiff further asserts:

> 18 U.S.C. 1111 (b) death sentence "within the special maritime and territorial jurisdiction of the united states whoever is guilty of murder in the first degree shall be punished by death."

(*Id.* at 6.)

> In his request for relief, Plaintiff states:

> The City of New York Department of Homeless Services Police Officer Smith officer number 1483 is guilty of murder. The City of New York Department of Homeless Services police officer number 1483 and named Smith must die. Death sentence "Within the special maritime and territorial jurisdiction of the United States whoever is guilty of murder in the first degree shall be punished by death."

(*Id.*)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

**DISCUSSION**

**A.      Frivolous claims**

Under the IFP statute, a court must dismiss an action if it determines that the action is

frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is

appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."

*Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly

baseless'— that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d

364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless

allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist

attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it

"lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437 ("[A]n action is

'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is

based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642

F.3d at 368.

Plaintiff's complaint appears to be premised upon his belief that Officer Smith

"deliberately murdered his fellow man."[2] (ECF 1 at 5.) A "[p]laintiff's beliefs—however

strongly he may hold them—are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO)

(OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and

recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no

---

[2] In another complaint filed the same week, Plaintiff made similar allegations of murder
against "every male uniformed New York City Police Department Officer" in *Glynn v. Every
male uniformed New York City Police Department Officer*, No. 26-CV-3232 (LTS) (S.D.N.Y.).

factual basis for his vague assertions that Officer Smith committed murder. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

Plaintiff's allegations are conclusory and implausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

Moreover, Plaintiff cannot prosecute criminal charges. "[T]he decision to prosecute is solely within the discretion of the prosecutor," *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981), and prosecutors are "immune from control or interference by citizen or court," *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff's claims are therefore dismissed.

**B.      Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    April 27, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
